IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

NANCY ELSAS, Individually, as
personal representative of the
Estate of Louis Jacob Elsas II,
and as Trustee of the Residuary
Trust of the Louis Jacob Elsas II
Management Trust U/A, Sept. 28, 2011                PLAINTIFF

VS.                        CIVIL ACTION NO. 5:15-cv-28(DCB)(MTP)

BRENT PRESTON; JUSTIN RUSSELL;
CALEB ENSOR; YAKKASSIPPI, LLC, a/k/a
YAKKA and YAC; and John Does 1-5                    DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the individual defendants Brent Preston, Justin Russell and Caleb Ensor's Motion to Dismiss **(docket entry 15)**.  Having carefully considered the motion and response, the memoranda of the parties and the applicable law, and being fully advised in the premises the Court finds as follows:

On February 13, 2015, the plaintiff filed a Complaint in the Chancery Court of Wilkinson County, Mississippi.  The plaintiff is an adult resident citizen of the State of Florida.  Defendant Yakkassippi, LLC, is a Texas limited liability company authorized and qualified to do business in Mississippi, and doing business in Mississippi.  The individual defendants (Brent Preston, Justin Russell and Caleb Ensor) are non-residents of the State of Mississippi who do business in Mississippi.

The state court action was removed to this Court by the defendants on March 20, 2015.  The Complaint alleges that on or

about August of 2014, Yakkassippi purchased several of the Elsas family members' mineral interest shares for $1,500,000.00.

The Complaint also alleges that during the same time period, Yakkassippi offered to purchase the entire share of the Elsas family minerals owned by the Estate of Dr. Louis Jacob Elsas, II, deceased ("the Estate").   Further, the plaintiff alleges that Yakkassippi prepared and sent, to Nancy Elsas and her counsel Haley Schwartz, a Purchase and Sale Agreement ("PSA") for review and signature, and agreed to pay $500,000.00 to purchase the Estate's entire mineral interests in Wilkinson County, Mississippi.   It is also alleged that Yakkassippi agreed to hold harmless and indemnify the seller and its agents from "all claims, losses, costs, liabilities, and expenses arising out of or resulting from any misrepresentation or breach of any warranty, covenant, or agreement of Buyer contained in this Agreement."   Complaint, ¶ 16.

On or about August 20, 2014, the plaintiff accepted the PSA, co-signed it on behalf of the Estate, and returned the executed document to Yakkassippi.   Complaint, ¶ 17.   The document obligated the parties to close the sale within 90 days of the date of the PSA.   Complaint, ¶ 18.   The PSA also stated that the effective date of the mineral deed would be no later than November 15, 2014.   Id. The plaintiff states that through her counsel, on or before November 14, 2014, she communicated to Yakkassippi that she was prepared to tender a signed mineral deed as required by the PSA.

Complaint, ¶ 19.

The Complaint further alleges that the defendants "willfully breached the PSA, repudiating the executed agreement and refusing to close the sale as obligated by the PSA," and "advised that they had no intention of closing the agreed-upon sale unless and until [the plaintiff] - as well as other Elsas family members who were not parties to the PSA - sign a release and indemnity agreement as a condition precedent to closing the purchase and sale." Complaint, ¶ 20.   The plaintiff states that such release and indemnity agreement was neither a term nor a condition of the PSA, "nor was any such agreement included in any negotiations for the sale and purchase of the subject minerals before the PSA was signed." <u>Id</u>.

The plaintiff seeks specific performance of the PSA or, in the alternative, damages for willful breach of the contract by the defendants.   Complaint, ¶ 23.   The plaintiff also seeks damages pursuant to the indemnity and hold harmless provisions of the PSA, Complaint, ¶ 25, and damages for willful, intentional and bad faith breach of contract, plus attorney fees and costs.   Complaint, ¶ 27.

In their motion to dismiss, the individual defendants assert that they were not parties to the contract, and that only defendant Yakkassippi was a signatory.   Although defendant Russell signed the contract, he did so only in his capacity as managing partner of Yakkassippi and not in his individual capacity.   Yakkassippi is a

3

Texas Limited Liability Company, and under Texas law a member or manager is not individually liable for the obligations of a limited liability company. Tex. Bus. Orgs. Code Ann. § 101.114. Furthermore, when a contract is signed by a member of an LLC in his representative capacity, he has no personal liability. Roe v. Ladymon, 318 S.W.3d 502, 515-16 (Tex. App.-Dallas 2010). In such a case, the signing officer is not individually liable on the contract. Ward v. Property Tax Evaluation, Inc., 847 S.W.2d 298, 300 (Tex. App.-Dallas 1992).

The three most common bases for piercing the corporate veil under Texas law are: "(1) the corporation is the alter ego of its owners and shareholders, (2) the corporation is used for an illegal purpose, and (3) the corporation is used as a sham to perpetrate a fraud." S.E.C. v. Resource Dev. Int'l, LLC, 487 F.3d 295, 302 (5th Cir. 2007)(internal quotation marks omitted). None of these grounds, nor any other grounds for individual liability, are pleaded in the Complaint, nor has the plaintiff moved to amend her Complaint. The Court therefore finds that this action against the individual defendants must be dismissed without prejudice pursuant to Fed.R.Civ.P. 12(b)(6). See Lee v. Ability Insurance Co., 2013 WL 2491067, *6 (S.D. Miss. June 10, 2013).

Accordingly,

IT IS HEREBY ORDERED that all claims against the individual defendants - Brent Preston, Justin Russell and Caleb Ensor - are

DISMISSED WITHOUT PREJUDICE.

SO ORDERED, this the 1st day of March, 2016.


/s/ David Bramlette
UNITED STATES DISTRICT COURT