IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

NANCY ELSAS, Individually, as
personal representative of the
Estate of Louis Jacob Elsas II,
and as Trustee of the Residuary
Trust of the Louis Jacob Elsas II
Management Trust U/A, Sept. 28, 2011                    PLAINTIFF

VS.                          CIVIL ACTION NO. 5:15-cv-28(DCB)(MTP)

BRENT PRESTON; JUSTIN RUSSELL;
CALEB ENSOR; YAKKASSIPPI, LLC, a/k/a
YAKKA and YAC; and John Does 1-5                       DEFENDANT

ORDER

     This cause is before the Court on defendants Yakkassippi, LLC

("Yakkassippi"), Brent Preston, Justin Russell and Caleb Ensor's[1]

Motion for Jury Trial **(docket entry 15)**.  Having carefully

considered the motion and response, the memoranda of the parties

and the applicable law, and being fully advised in the premises the

Court finds as follows:

     The plaintiff's Complaint was filed in the Chancery Court of

Wilkinson County, Mississippi, on February 13, 2015.  On March 20,

2015, the defendants removed the action to this Court.  On March

27, 2015, the defendants filed their joint Answer and Affirmative

Defenses.  Neither plaintiff nor defendants made a demand for jury

trial at that time.  The defendants filed their Answer on March 27,

---

[1] By separate Order, the individual defendants Preston, Russell
and Ensor have been dismissed from this action without prejudice.  The
motion shall therefore be treated as brought by defendant Yakkassippi.

2015, but did not make a jury demand.

In the present motion, Yakkassippi invokes its right to a jury trial as preserved by the Seventh Amendment to the Constitution "in suits at common law."  In addition, under Rule 39(b) of the Federal Rules of Civil Procedure, "[i]ssues on which a jury trial is not properly demanded are to be tried by the court.  But the court may, on motion, order a jury trial on any issue for which a jury trial might have been demanded."  "[W]hen the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary."  Swofford v. B & W, Inc., 336 F.2d 406, 409 (5th Cir. 2964)(citing Albert v. R.P. Farnsworth & Co., 176 F.2d 198, 203 (5th Cir. 1949)).

The plaintiff points out that pursuant to Rules 38(b) and 39(b) of the Federal Rules of Civil Procedure, "[o]n any issue triable of right by a jury, a party may demand a jury trial," and "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."  (emphasis added).  In addition, Rule 38(c) of the Local Civil Rules states: "A civil action removed to federal district court from a chancery court of the State of Mississippi will be designated for non-jury trial."

Under Fed.R.Civ.P. 39(a), when a jury trial has been demanded in accordance with Fed.R.Civ.P. 38, a jury trial is appropriate unless the parties stipulate to trial without a jury or unless the district court of its own motion or initiative finds that a jury

trial is not proper.  <u>See</u> <u>Taylor v. Gulf States Utility Co.</u>, 375
F.2d 949, 950 (5th Cir. 1967).

The resolution of two issues will determine if a jury trial is
set in this case: (1) whether Yakkassippi timely requested a jury
trial, and, if not, (2) whether the Court should exercise its
discretion to order a jury trial.

The provisions concerning demands for jury trials in actions
removed from state court to federal court are set forth in
Fed.R.Civ.P. 81(c)(3).  Rule 81(c)(3)(A) provides that a party that
requested a jury trial in state court does not have to reassert its
request in federal court.  This provision does not apply in this
case, however, because neither plaintiff nor defendants requested
a jury before removal.  Also under Rule 81(c)(3)(A), a party that
is not required to request a jury trial under state law does not
have to assert a demand after removal unless the federal court
orders that party to make such a demand.  This portion of the Rule
does not apply to the defendants, because they were required to
request a trial by jury in the chancery court, and did not do so.
<u>See</u> <u>In re Estate of Varvaris v. Kountouris</u>, 528 So.2d 800, 802
(Miss. 1988)(finding that the chancery court acted within its
discretion to deny a jury trial request made two working days
before trial); and <u>In re Will & Estate of Varvaris v. Kountouris</u>,
477 So.2d 273, 278 (Miss. 1985)("[A]ny right to a jury trial was
waived by both parties, not only by failing to file any request

with the chancellor for a jury trial, but going through the entire hearing and never making any request.").

Rule 81(c)(3)(B) allows a jury demand to be filed after removal "[i]f all necessary pleadings have been served at the time of removal ...."   Yakkassippi could not take advantage of this provision because its Answer was not filed until after the case was removed to this Court.

The Court now looks to Fed.R.Civ.P. 38 to determine if Yakkassippi timely requested a trial by jury, given the inapplicability of Fed.R.Civ.P. 81(c)(3)(A) and (B). See Mondor v. U.S. Dist. Court for the Cent. Dist. of Calif., 910 F.2d 585, 586 (9th Cir. 1990)("Rule 38(b) applies to jury demands in removed actions where responsive pleadings have not been filed prior to removal."); 9 Charles Alan Wright et al., Federal Practice and Procedure § 2319 (3d ed.)(providing that Rule 38(b) applies when Rule 81(c)(3)(B) is inapplicable).

Fed.R.Civ.P. 38 requires a party seeking a jury trial to serve "the other parties with a written demand - which may be included in a pleading - no later than 14 days after the last pleading directed to the issue is served ...."   Generally, the Answer is considered to be the operative pleading under Rule 38(b). See McFarland v. Leyh, 52 F.3d 1330, 1339 (5th Cir. 1995).   The defendants' Answer was filed on March 27, 2015, and the present motion was filed on May 18, 2015, well in excess of 14 days after service of the

Answer.  Yakkassippi's request for a jury trial is untimely.

The decision to grant an untimely request for a jury trial is discretionary with the district court.  Fredieu v. Rowan Co.s, Inc., 738 F.2d 651, 653-54 (5th Cir. 1984).  Although a district court generally should grant a Rule 39(b) motion for a jury trial "in the absence of strong and compelling reasons to the contrary" (Lewis v. Thigpen, 767 F.2d 252, 257 (5th Cir. 1985), the Fifth Circuit has stated that "it is not an abuse of discretion by a trial court to deny a Rule 39(b) motion ... when the failure to make a timely demand for a jury trial results from the mere inadvertence on the part of the moving party."  Id. (quoting Bush v. Allstate Ins. Co., 425 F.2d 393, 396 (5th Cir. 1970))(internal brackets omitted).  However, the fact that it is not an abuse of discretion to deny the motion does not mean that it should be denied.

A request for a jury trial under Rule 39(b) "should be favorably received unless there are persuasive reasons to deny it."  United States v. Unum, Inc., 658 F.2d 300, 303 (5th Cir. 1981).  The following factors guide the court in considering whether to grant or deny the motion:

>   (1) whether the case involves issues which are best tried to a jury;
>
>   (2) whether granting the motion would disrupt the court's schedule or that of the adverse party;
>
>   (3) the degree of prejudice to the adverse party;

      (4) the length of delay in having requested a jury trial;
        and

      (5) the reason for the movant's tardiness.

Daniel Int'l Corp. v. Fischbach & Moore, Inc., 916 F.2d 1061, 1064 (5th Cir. 1981).  The Court addresses each of the factors in turn.

First, the plaintiff brings a claim in equity for specific performance of a purchase and sale agreement.  "Purely equitable claims, even those involving factual disputes, are matters to be resolved by the court rather than a jury." Hensley v. E.R. Carpenter Co., Inc., 633 F.2d 1106, 1110 n.5 (5th Cir. 1980). However, if a party also asserts a legal claim, it is entitled to a jury determination of the factual issues related to that claim, even if those issues also relate to equitable claims brought by that party or equitable counterclaims brought by an opposing party. See Bowles v. Bennett, 629 F.2d 1092 (5th Cir. 1980); Eli Lilly & Co. v. Generix Drug Sales, Inc., 460 F.2d 1096, 1107 (5th Cir. 1972).

As for the remaining factors, Yakkassippi does not offer a reason for its tardiness, but does contend that its delay was relatively short.  Further, granting the motion would not disrupt the court's schedule nor that of the plaintiff, and no prejudice to the plaintiff has been shown.

The Court finds that the motion for jury trial should be granted to the extent that there are any legal claims pending.  The plaintiff currently has two motions for summary judgment before the

6

Court; therefore, the Court will address the issue of whether there are legal claims to be tried after it has ruled on the motions for summary judgment.

Accordingly,

IT IS HEREBY ORDERED that the defendant Yakkassippi's Motion for Jury Trial **(docket entry 15)** is GRANTED to the extent that there are any legal claims pending.

SO ORDERED, this the 1st day of March, 2016.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE