```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

```
NANCY ELSAS, Individually, as
personal representative of the
Estate of Louis Jacob Elsas II,
and as Trustee of the Residuary
Trust of the Louis Jacob Elsas II
Management Trust U/A, Sept. 28, 2011                   PLAINTIFF

VS.                          CIVIL ACTION NO. 5:15-cv-28(DCB)(MTP)

YAKKASSIPPI, LLC                                       DEFENDANT
```

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Plaintiff's Motion for Attorneys' Fees and Costs **(docket entry 90)**. Having carefully considered the plaintiff's motion and the defendant's response, the parties' memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

In its prior Order, the Court granted the plaintiff's Motion for Summary Judgment seeking damages from the defendant for breach of contract, and found the proper measure of damages to be $500,000, the agreed-upon price for the defendant's purchase of the plaintiff's mineral interests in Wilkinson County, Mississippi. Because the purchase price was easily ascertained by reference to the Purchase and Sale Agreement ("PSA"), and because such sum will fully compensate the plaintiff for its loss under the terms of the contract, it was unnecessary for the Court to consider the equitable remedy of specific performance. The Court also ordered the parties to brief the issue of attorneys' fees and costs.

"The award of attorney's fees in a diversity case is governed by state law."  Structural Metals, Inc. v. S&C Elec. Co., 590 Fed.Appx. 298, 304 (5th Cir. 2014)(citing Mathis v. Exxon Corp., 302 F.3d 448, 461 (5th Cir. 2002)).  In this case, the parties' PSA provides that its provisions "shall be governed by and construed in accordance with the laws of the State of Texas."  PSA, ¶ 11(a). Texas law specifically provides for the recovery of attorneys' fees in breach of contract cases.  Tex. Civ. Prac. & Rem. Code § 38.001(8).

In determining whether attorneys' fees are reasonable, Texas courts consider the following factors: "(1) the time and labor required, novelty, and difficulty of the questions involved and the skill required to properly perform the legal service properly; (2) the likelihood ... that the acceptance of the particular employment will precluded other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered." Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex. 1997).  These eight

factors are referred to as the "Arthur Andersen factors."

Federal law also provides factors for determining attorneys' fees, referred to as the "Johnson factors," as set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). They are as follows:

>  (1) *The time and labor required.* Although hours claimed or spent on a case should not be the sole basis for determining a fee, Electronics Capital Corp. v. Sheperd, 439 F.2d 692 (5th Cir. 1971), they are a necessary ingredient to be considered. The trial judge should weigh the hours claimed against his own knowledge, experience, and expertise of the time required to complete similar activities. If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized. The time of two or three lawyers in a courtroom or conference when one would do, may obviously be discounted. It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it.
>
>  (2) *The novelty and difficulty of the questions.* Cases of first impression generally require more time and effort on the attorney's part. Although this greater expenditure of time in research and preparation is an investment by counsel in obtaining knowledge which can be used in similar later cases, he should not be penalized for undertaking a case which may "make new law." Instead, he should be appropriately compensated for accepting the challenge.
>
>  (3) *The skill requisite to perform the legal service properly.* The trial judge should closely observe the attorney's work product, his preparation, and general ability before the court. The trial judge's expertise gained from past experience as a lawyer and his observation from the bench of lawyers at work become highly important in this consideration.

(4) *The preclusion of other employment by the attorney due to acceptance of the case.*  This guideline involves the dual consideration of otherwise available business which is foreclosed because of conflicts of interest which occur from the representation, and the fact that once the employment is undertaken the attorney is not free to use the time spent on the client's behalf for other purposes.

(5) *The customary fee.*  The customary fee for similar work in the community should be considered.  It is open knowledge that various types of legal work command differing scales of compensation.  At no time, however, should the fee for strictly legal work fall below the $20 per hour prescribed by the Criminal Justice Act, 18 U.S.C.A. § 3006A(d)(1), and awarded to appointed counsel for criminal defendants.  As long as minimum fee schedules are in existence and are customarily followed by the lawyers in a given community, they should be taken into consideration.

(6) *Whether the fee is fixed or contingent.*  The fee quoted to the client or the percentage of the recovery agreed to is helpful in demonstrating the attorney's fee expectations when he accepted the case.  But as pointed out in Clark v. American Marine, *supra,*

> [t]he statute does not prescribe the payment of fees to the lawyers.  It allows the award to be made to the prevailing party.  Whether or not he agreed to pay a fee and in what amount is not decisive.  Conceivably, a litigant might agree to pay his counsel a fixed dollar fee.  This might be even more than the fee eventually allowed by the court.  Or he might agree to pay his lawyer a percentage contingent fee that would be greater than the fee the court might ultimately set.  Such arrangements should not determine the court's decision.  The criterion for the court is not what the parties agreed but what is reasonable.

320 F.Supp. at 711.  In no event, however, should the litigant be awarded a fee greater than he is contractually bound to pay, if indeed the attorneys have contracted as to amount.

4

(7) *Time limitations imposed by the client or the circumstances.* Priority work that delays the lawyer's other legal work is entitled to some premium. This factor is particularly important when a new counsel is called in to prosecute the appeal or handle other matters at a late stage in the proceedings.

(8) *The amount involved and the results obtained.* Title VII, 42 U.S.C.A. § 2000e-5(g), permits the recovery of damages in addition to injunctive relief. Although the Court should consider the amount of damages, or back pay awarded, that consideration should not obviate court scrutiny of the decision's effect on the law. If the decision corrects across-the-board discrimination affecting a large class of an employer's employees, the attorney's fee award should reflect the relief granted.

(9) *The experience, reputation, and ability of the attorneys.* Most fee scales reflect an experience differential with the more experienced attorneys receiving larger compensation. An attorney specializing in civil rights cases may enjoy a higher rate for his expertise than others, providing his ability corresponds with his experience. Longevity *per se,* however, should not dictate the higher fee. If a young attorney demonstrates the skill and ability, he should not be penalized for only recently being admitted to the bar.

(10) *The "undesirability" of the case.* Civil rights attorneys face hardships in their communities because of their desire to help the civil rights litigant. See NAACP v. Button, 371 U.S. 415, 443, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963); Sanders v. Russell, 401 F.2d 241 (5th Cir. 1968). Oftentimes his decision to help eradicate discrimination is not pleasantly received by the community or his contemporaries. This can have an economic impact on his practice which can be considered by the Court.

(11) *The nature and length of the professional relationship with the client.* A lawyer in private practice may vary his fee for similar work in the light of the professional relationship of the client with his office. The Court may appropriately consider this factor in determining the amount that would be reasonable.

(12) *Awards in similar cases.* The reasonableness of a fee may also be considered in the light of awards made in

similar litigation within and without the court's circuit. ....
Id. at 717-19; abrogated by Blanchard v. Bergeron, 489 U.S. 87, 109
(1989).

In Mid-Continent Cas. Co. v. Chevron Pipe Line Co., 205 F.3d 222 (5th Cir. 2000), the Fifth Circuit stated that because the Arthur Andersen factors and Johnson factors involve "a similar analysis, it has not been necessary for our court to decide whether the Johnson factors control in Texas diversity cases." Id. at 232 (citing Atlantic Richfield Co. v. Manges, 702 F.2d 85, 87 (5th Cir. 1983)(additional citations omitted)).

The plaintiff relies on the Affidavit of its counsel (docket entry 90, Exhibit 1) which identifies and attaches a contingency fee arrangement and contractual agreement providing that plaintiff's counsel

> agreed to represent Plaintiff and to pursue the lawsuit herein for a percentage of the agreed upon consideration at issue in the lawsuit or, if the Plaintiff prevails, an amount of 35% of any recovery and/or any consideration to be paid under the contract and to enforce said contract. As such, if Plaintiff prevails in this action, the attorneys would be entitled to a contingency fee interest of $175,000.00 plus out of pocket expenses, in accordance with said contract.

Affidavit, p. 1.

Costs (out of pocket expenses), unlike attorneys' fees, are governed by federal law. See Versata Software, Inc. v. Internet Brands, Inc., 902 F.Supp.2d 841, 862 (E.D. Tex. 2012)("Rule 54(d) of the Federal Rules of Civil Procedure provides that an award of

6

costs 'should be allowed to the prevailing party.'  Because that determination is a procedural matter governed by the Federal Rules of Civil Procedure, federal law applies, not state law, even if the underlying cause of action arose under state law.")(citations omitted).  The plaintiff sets forth, in an Affidavit, court reporter costs ($200.00 and $532.65), and state court costs ($148.00 and $150.00), for a total of $1,030.65, which the Court finds to be reasonable.

As for attorneys' fees, the Court finds that the plaintiff has failed to address the eight relevant Arthur Andersen factors and the twelve relevant Johnson factors for this Court to consider when determining the reasonableness of an attorneys' fee award. Although a contingent fee contract is relevant to this determination, a contingent fee contract alone is not enough to support an award.  Arthur Andersen, 945 S.W.2d at 818-19; Fluorine On Call, Ltd. v. Fluorogas Ltd., 380 F.3d 849, 867 (5th Cir. 2004)(finding that district court abused its discretion in awarding "such a vast amount of fees" and remanding the attorneys' fee award to the district court).

Similarly, in Baxter v. Crown Petroleum Partners, 2000 WL 269747 (N.D. Tex. Mar. 10, 2000), the district court for the Northern District of Texas held that a contingency fee agreement is "a factor" to consider, but is not determinative of the reasonableness of the attorneys' fee award.  Id. at *7.  The

district court further explained:

> ... "There is authority for the suggestion that a contingent fee contract should *not* be considered in determining reasonable attorneys fees, except to establish the employment of counsel and the purpose for which counsel were employed." Beck v. Northern Natural Gas Co., 170 F.3d 1018, 1024 (10th Cir. 1999)(internal quotations omitted)(emphasis added). "What a plaintiff may be bound to pay and what an attorney is free to collect under a fee agreement are not necessarily measured by the "reasonable attorney fee" that a defendant must pay pursuant to a court order." Venegas v. Mitchel, 495 U.S. 82, 89 (1990)(emphasis added). "The fact that [Vodicka] agreed to a one-third contingency fee arrangement with his client does not determine the amount of attorneys fees [Vodicka] may recover. The recovery of attorneys fees is provided for by statute, the amount of which must be found by the trier of fact and must be supported by the evidence." Rauscher Pierce Refsnes, Inc. v. Koenig, 794 S.W.2d 514, 516 (Tex.App.-Corpus Christi 1990, writ denied).
>
> The U.S. Supreme Court does not allow the trial court to enhance the lodestar figure to compensate the attorney for the contingent fee arrangement between plaintiff and attorney where the attorney should have received a higher figure due to the contingent fee agreement. City of Burlington v. Daque, 505 U.S. 557, 564 (1992); see also Rutherford v. Harris County, 197 F.3d 173, 193 (5th Cir. 1999). It seems logical that this Court is likewise disallowed from reducing the lodestar figure to be in line with the contingent fee agreement between the attorney and plaintiff. Plaintiffs are entitled to a reasonable attorneys' fee pursuant to Texas Civil Practice and Remedies Code Chapter 38. This Court will consider the contingency fee agreement between Plaintiffs and Mr. Vodicka under the Johnson factors but will not reduce the fee awarded based on that factor alone.

Id. (emphasis in original).

Because the plaintiff did not address the relevant factors, including those relevant to the lodestar determination, nor present the types of evidence needed by the Court to make its determination

as to the reasonableness of attorneys' fees, the plaintiff's motion must be denied without prejudice, with leave to re-file. In keeping with its previous Order requiring briefing, the Court grants the plaintiff fourteen days to file its motion and brief, and the defendant shall have an equal amount of time to respond. Any rebuttal shall be filed within seven days of the defendant's response.

Accordingly,

IT IS HEREBY ORDERED that the plaintiff's Motion for Attorneys' Fees and Costs **(docket entry 90)** is granted in part and denied in part as follows:

The plaintiff's Motion for Costs is GRANTED, and costs in the amount of $1,030.65 shall be awarded at such time as the issue of attorneys' fees is decided and Final Judgment is entered;

The plaintiff's Motion for Attorneys' Fees is DENIED WITHOUT PREJUDICE, the plaintiff shall re-file her motion, and the parties submit their briefs as outlined above.

SO ORDERED, this the 4th day of January, 2017.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE