IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

NANCY ELSAS, Individually, as
personal representative of the
Estate of Louis Jacob Elsas II,
and as Trustee of the Residuary
Trust of the Louis Jacob Elsas II
Management Trust U/A, Sept. 28, 2011                          PLAINTIFF

VS.                           CIVIL ACTION NO. 5:15-cv-28(DCB)(MTP)

YAKKASSIPPI, LLC                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Plaintiff's Motion for Determination of Reasonable Attorney's Fees **(docket entry 95)**, and on the Defendant's Response thereto. Having carefully considered the motion and response, the memoranda of the parties and the applicable law, and being fully advised in the premises, the Court finds as follows:

The Court previously granted the plaintiff's Motion for Summary Judgment seeking damages from the defendant for breach of contract, and found the proper measure of damages to be $500,000, the agreed-upon price for the defendant's purchase of the plaintiff's mineral interests in Wilkinson County, Mississippi. Because the purchase price was easily ascertained by reference to the Purchase and Sale Agreement ("PSA"), and because such sum will fully compensate the plaintiff for its loss under the terms of the contract, it was unnecessary for the Court to consider the equitable remedy of specific performance. The Court also ordered

the parties to brief the issue of attorney's fees and costs, but the Court found the briefing inadequate, and ordered further briefing which is now before the Court.

Under the so-called "American Rule," parties are required to bear their own attorney's fees "absent explicit statutory authority" to the contrary. <u>Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health and Human Res.</u>, 532 U.S. 598, 602 (2001). Whether a party may recover attorney's fees under a statute is a question of law for the Court. <u>Walker Int'l Holdings, Ltd. v. Republic of Congo</u>, 415 F.3d 413, 416 (5th Cir. 2005). Where, as here, federal jurisdiction is based on diversity, state law controls the award of attorneys' fees. <u>Mid-Continent Casualty Co. v. Chevron Pipe Line Co.</u>, 205 F.3d 222, 230 (5th Cir. 2000).

The parties' Purchase and Sale Agreement provides that "[t]he parties agree and acknowledge that all provisions of this Agreement shall be governed by and construed in accordance with the laws of the State of Texas." PSA, ¶ 11(a). The Court shall therefore apply Texas law. Specifically, federal courts within the Fifth Circuit applying Texas law look to the Supreme Court of Texas for guidance. <u>Citigroup Inc. v. Fed. Ins. Co.</u>, 649 F.3d 367, 371 (5th Cir. 2011). In the absence of a binding decision from the Supreme Court of Texas, this Court may look to decisions of Texas intermediate appellate courts for guidance; however, decisions of the intermediate courts are not controlling, and this Court must

ultimately make a judgment as to how the Supreme Court of Texas would rule on the issue. See <u>United Teacher Assocs. Ins. Co. v. Union Life Ins. Co.</u>, 414 F.3d 558, 565-66 (5th Cir. 2005).

Texas law provides that a litigant can recover attorney's fees "only if specifically provided for by statute or contract." <u>Epps v. Fowler</u>, 351 S.W.3d 862, 865 (Tex. 2011)(citing <u>Intercontinental Grp. P'ship v. KB Home Lone Start L.P.</u>, 295 S.W.3d 650, 653 (Tex. 2009)). The plaintiff contends that "[t]he PSA provides that if either party to the contract is required to take legal action as a result of breach, attorney's fees will be awarded to the prevailing party." Plaintiff's Motion for Determination of Reasonable Attorney's Fees (docket entry 95), ¶ 2. The plaintiff relies on ¶ 10 of the PSA, which provides the following:

> 10. **Indemnification**.
>
> <u>By Buyer.</u> Except as specifically provided herein, Buyer agrees to indemnify and hold Seller, its members, shareholders, officers, directors, employees, and agents harmless from all claims, losses, costs, liabilities, and expenses arising out of or resulting from any misrepresentation or breach of any warranty, covenant, or agreement of Buyer contained in this Agreement. **THIS INDEMNIFICATION SHALL APPLY WHETHER OR NOT SUCH DUTIES, OBLIGATIONS, OR LIABILITIES, OR SUCH CLAIMS LIABILITIES, LOSSES, COSTS, OR EXPENSES ARISE OUT OF (I) NEGLIGENCE (INCLUDING SOLE NEGLIGENCE, SIMPLE NEGLIGENCE, CONCURRENT NEGLIGENCE, ACTIVE OR PASSIVE NEGLIGENCE, BUT EXPRESSLY NOT INCLUDING GROSS NEGLIGENCE OR WILLFUL MISCONDUCT) OF ANY INDEMNIFIED PARTY, OR (ii) STRICT LIABILITY. THE PARTIES AGREE THAT THE FOREGOING COMPLIES WITH THE EXPRESS NEGLIGENCE RULE AND IS CONSPICUOUS.**

PSA, ¶ 10.

3

However, an indemnitor cannot be liable for attorney's fees unless the indemnity agreement expressly so provides. Freight Terminals, Inc. v. Ryder System, Inc., 326 F.Supp. 881, 887 (S.D. Tex. 1971)(citing W.R. Grimshaw Co. v. Martin Wright Electric Co., 283 F.Supp. 628 (W.D. Tex. 1968), reversed on other grounds, 419 F.2d 1381 (5th Cir. 1969), cert. denied, 397 U.S. 1022 (1970); Mitchell's Inc. v. Friedman, 303 S.W.2d 775 (1957)).

Because Texas law provides that a litigant can recover attorney's fees only if specifically provided for by statute or contract, and because the plaintiff fails to show any contract or statutory provision allowing recovery of fees in this case, the plaintiff's motion for attorney's fees must be denied. The plaintiff is, however, entitled to file a Bill of Costs with the Clerk of Court.[1]

Pursuant to Local Uniform Civil Rule 52(a), counsel for plaintiff shall submit a proposed Final Judgment to the undersigned District Judge via electronic mail. The plaintiff's attorney shall also provide a copy to defendant's counsel. L.U.C.R. 52(b). Once the Court has entered a Final Judgment, the plaintiff must file her Bill of Costs not later than 30 days after entry of judgment. L.U.C.R. 54(c). Federal Rule of Civil Procedure 54(d)(1) states

---

[1] There is no requirement that costs be sought by motion. Blakley v. Schlumberger Tech. Corp., 648 F.3d 921, 930 (8th Cir. 2011); Mosley v. Geico Ins. Co., 2015 WL 12942082, at *1 (S.D. Miss. March 17, 2015).

that "costs - other than attorney's fees - should be allowed to the prevailing party" in an action. "The clerk may tax costs on 14 days' notice." Fed.R.Civ.P. 54(d)(1). "On motion served within the next 7 days, the court may review the clerk's action." Id.

Within 30 days from entry of judgment, the plaintiff shall file her Bill of Costs in accordance with the requirements of Local Uniform Civil Rule 54 and 28 U.S.C. § 1920 governing the taxation of costs. Once the Clerk taxes costs after waiting the requisite 14 days, the burden is on the defendant to file a motion with the Court within 7 days if it wishes the Court to review the Clerk's taxation. See LaRavia v. Cerise, 512 Fed.Appx. 397, 398 (5th Cir. 2013)(discussing procedure to challenge taxation of costs."); Cashman Equip. Corp. v. Rozel Operating Co., 2011 WL 2437601, at *1 (M.D. La. June 17, 2011)("Rule 54(d) clearly contemplates that the non-prevailing party would bring the motion to challenge a bill of costs."); see also Blakley, 648 F.3d at 930 (there is no requirement that the prevailing party file a motion).

In addition, there is a "strong presumption that the prevailing party will be awarded costs." Pacheco v. Mineta, 448 F.3d 783, 793 (5th Cir. 2006). The Fifth Circuit "has held that the prevailing party is prima facie entitled to costs...." Id. at 793-94 (citation and quotation marks omitted). There is no requirement that the costs awarded be associated solely with, or requested in, a motion for summary judgement filed by the party seeking costs;

5

nor is it necessary for the Court's Summary Judgment Order to "find" or "assess" costs. Federal law provides, in pertinent part, that the Clerk may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies and any materials where the copies are necessarily obtained for use in the case[2];

(5) Docket fees under section 1923 of this title; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1823 of this title.

28 U.S.C. § 1920.

Accordingly,

IT IS HEREBY ORDERED that the Plaintiff's Motion for Determination of Reasonable Attorney's Fees **(docket entry 95)** is DENIED;

FURTHER ORDERED that the plaintiff shall submit a proposed Final Judgment to the undersigned District Judge via electronic mail within fourteen (14) days from date of entry of this Order, and shall also provide a copy to defendant's counsel. Any

---

[2] Although the prevailing party need not identify every xerox copy made for use in the legal proceedings, it must make some showing that "reproduction costs necessarily result from that litigation." Fogelman v. ARAMCO, 920 F.2d 278, 286 (5th Cir. 1991).

objections to the form of the proposed Final Judgment must be made within ten (10) days from the date of delivery of the proposed judgment to defendant's counsel.

SO ORDERED, this the 4th day of August, 2017.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE